## MORRIS FREY
### vs.
## CLAIRE KNITTING MILLS, INC., ET AL.

Superior Court      Fairfield County      File #52600

Present: Hon. JOHN RUFUS BOOTH, Judge.

Norris Rosinoff,      Attorney for the Plaintiff.

Henry P. Lander,      Attorney for the Defendant.

## MEMORANDUM FILED NOVEMBER 16, 1937.

BOOTH, J. The plaintiff moves to erase the defendant's plea in abatement on the ground that the defendant by its acts since the filing thereof has waived the aforesaid plea. While the form of the motion is defective in that it should have been entitled a motion to strike from the files instead of a motion to erase from the docket, the Court will consider it as though it were in proper form and treat it accordingly.

The acts upon which the plaintiff bases his motion consist of the filing by the defendant of a motion for a new replevin bond some four or five months after the date of the filing of its plea in abatement; also of the filing by the defendant of a motion for oyer some four months later, all of which was while the plea in abatement was pending and unheard by the Court. An examination of the file discloses that the aforesaid motion for a new bond was signed by the attorney for the defendant generally while the motion for oyer was signed by him specially. Under the common law objections to the jurisdiction going merely in abatement may be waived and as a rule they are waived, and can not be afterward urged in any mode if the defendant without properly raising the objections appears generally, proceeds to trial or does any other act which constitutes an implied admission of jurisdiction or a general appearance. But there is no waiver by acts which are consistent with an objection to jurisdiction and if such objection is duly made it is not waived by his acts properly reserving the right to insist thereon. (1 C.J., 42.)

In some of the states these principles are somewhat changed by statute but in Connecticut no such statute exists, therefore the aforesaid common law principles apply. The order of pleading, as specified in **Sections 83 and 86 of the Practice Book,** indicate that a motion addressed to the complaint should follow a plea in abatement. That a motion for oyer is such a motion must be conceded as it is addressed directly to the allegations of the complaint. Where such a motion is made while a plea in abatement is pending and no acts indicating that a reservation is made of the right to insist thereon a

waiver of such right may properly be inferred. There is nothing in the present case to indicate that such a reservation was contemplated, except perhaps the act of signing the motion for oyer specially. This motion, however, is not one which falls within the province of an attorney acting under a special appearance for it is addressed to the substance of the complaint and therefore could only be properly filed under a general appearance.

Further, as the previous motion for a new bond was signed generally by the attorney for the defendant, it amounted in substance to a general appearance, and the fact that for more than eight months the plea in abatement has been allowed to remain in status quo with no apparent attempt on the part of the defendant to have it disposed of by trial, indicates that it did not intend to reserve its right to insist thereon.

It is therefore concluded that the acts of the defendant amounted to a waiver of its right to proceed with its plea. Consequently, it is hereby ordered that the plea in abatement filed by the defendant on February 3rd, 1937, be stricken from the files of this case.